UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| IN RE: | ) | Case No.: 15-10897-BAH |
| | ) | Chapter 7 |
| DORETTA S. PLANTE, | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | |
| MARK P. CORNELL, TRUSTEE FOR | ) | Adv. No.: _____ |
| ESTATE OF DORETTA S. PLANTE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL P. PLANTE, DORETTA S. | ) | |
| PLANTE AND WELLS FARGO | ) | |
| SHAREHOLDER SERVICES, | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT OF THE CHAPTER 7 TRUSTEE FOR
AN ORDER OF TURNOVER, PURSUANT TO 11 USC 542
AND/OR TO COMPEL THE SALE, PURSUANT TO 11 USC 363**

NOW COMES Mark P. Cornell, Trustee of the Estate of Doretta S. Plante (hereafter "Trustee") and complains against Daniel P. Plante (hereafter "Plante") and Doretta S. Plante (hereafter "Debtor") and Wells Fargo Shareholders Services (hereafter "Wells Fargo") stating as follows:

1. That on June 1, 2015 the Debtor filed a Petition for Chapter 7 Relief and the Trustee was appointed, to administer this case.

2. That the Debtor resides at 12 Scottie Way, Amherst, New Hampshire 03031.

3. That Plante is the ex-spouse of the Debtor, with a residence in Alabama and a mailing address of P.O. Box 5562, Gulf Shores, Alabama 36547.

4. That Wells Fargo is a financial services institution with a principal address and place of business at P.O. Box 64854, St. Paul, Minnesota 55164.

5. This Court has jurisdiction over the subject matter of this proceeding under 28 USC 157(a) and 28 USC 1334.  Further, this is a "core" proceeding under 28 USC 157(K), (n), and/or (o).

6. That pursuant to Local Rule 77.4 bankruptcy cases have been referred to this Court by the United States District Court for the District of New Hampshire.

7. That pursuant to AO 7008-1 the Trustee consents to the entry of final orders and/or judgment by this Court.

III.   **FACTS COMMON TO ALL COUNTS**

8. That the Debtor and Plante are formerly husband and wife.

9. That Debtor and Plante were divorced, by Decree (hereafter "the Divorce Order") of the Hillsborough County Superior Court, Southern District, dated September 22, 2010.

10. That the Divorce Order provides, in Paragraph 11, that "Doretta was awarded 128 shares of Sherwin Williams Stock, free and clear of all right, title and interest of Daniel.  Daniel shall cooperate in signing any documents to effectuate this transfer to Doretta."

11. That prior to the divorce, the aforementioned shares of stock were registered and owned solely to Plante and the Debtor was not a co-owner.

12. That subsequent to the Divorce Order, half of the shares of stock (64 shares) were transferred, by Plante to the Debtor, with the Debtor's cooperation.

13. That for reasons unknown to the Trustee, the 64 remaining shares of the Sherwin Williams Stock were not transferred, with the half which was transferred.

14. That according to the Debtor's records, in 2012, with Plante's assistance, paperwork requesting the transfer of the remaining 64 shares was completed by Plante and submitted to Wells Fargo, to effectuate the Divorce Order.

15. That by letter dated January 30, 2012, Wells Fargo refused to process the paperwork submitted by the Debtor and Plante, as it was not fully completed and was missing information.

16. That subsequent efforts of the Debtor to get Plante to complete the paperwork for Wells Fargo, proved to be futile.

17. That subsequent to all of the above, the Debtor filed her Chapter 7 Petition, with this Court, and the Debtor's right to receive the Sherwin Williams Stock, under Divorce Orders, are now property of the Debtor's estate, pursuant to Section 541 of the Bankruptcy Code.

IV. **CLAIMS**

    A.     COUNT I – 11 USC 542(a) AND/OR 11 USC 543(b) TURNOVER WELLS FARGO AND/OR DANIEL PLANTE

18. That all of the facts and allegations, set forth above, are herein incorporated.

19. That the Trustee requests an Order requiring Wells Fargo and/or Plante, to turnover the sixty-four (64) shares of Sherwin Williams Stock, to the Trustee pursuant to 11 USC 542(a), and/or 11 USC 543(b).

20. That in addition, pursuant to 11 USC 542(a), the Trustee requests an Order affirmatively compelling Plante to cooperate with the transfer, under pain and penalty of contempt.

### B. COUNT II – 11 USC 363(b) SALE BY ALL DEFENDANTS

21. That all facts, allegations and assertions set forth above, are herein incorporated.

22. That pursuant to 11 USC 363(b) the Trustee seeks authorization to sell all one hundred twenty eight (128) shares as the true party in interest and requiring Wells Fargo, to transfer or sell the sixty-four (64) shares in its custody to the Bankruptcy estate, for the benefit by the Trustee.

23. That this Honorable Court also enter orders requiring that Debtor and Plante, pursuant to Section 363(b) to transfer their shares to the Bankruptcy estate, for sale by the Trustee.

WHEREFORE the Trustee prays:

A. That this Honorable Court enter an Order compelling the turnover the Sherwin Williams Stock described in this Complaint, by Plante and/or Wells Fargo, to the Trustee;

B. That in addition, this Honorable Court enter an Order compelling Plante to cooperate with the Trustee's efforts to obtain the shares from Wells Fargo;

C. That in addition to and in the alternative to the Complaint for Turnover, the Trustee requests that this Honorable Court further authorize the Trustee to sell the Sherwin Williams Stock, free and clear of all interest of the Debtor, Plante and/or Wells Fargo and that all of the Defendants be ordered to cooperate with the sale; and

D. For such other and further relief as is just and equitable.

Respectfully Submitted
MARK P. CORNELL, TRUSTEE
By His Attorney

Dated: April 1, 2016                /s/ Daniel C. Proctor, Esq.
Daniel C. Proctor, Esq., #02124
P.O. Box 3544
Concord, NH 03302-3544
603-228-8226